Mr. Justice Thacher
delivered the opinion of the Court.
This case is brought here by writ of error from the Circuit Court of Rankin county.
The defendants in error entered their motion in the Court below against Steen, the sheriff, for failing to return an execution in due time. The execution was issued at the June term, 1841, and returned upon the seventh judicial day of the succeeding December term of the Court of, Rankin county. The motion was made at the June term, 1842, and a judgment given in favor of the motion.
The judgment of the Court below is claimed to be erroneous ; lsf, because the motion was made too late, having been made at a term subsequent to that of the ■ return of the execution ; and 2d, because the execution was returned seasonably.
The law regulating the return of executions was enacted February 15, 1828, by which it was provided, that if any sheriff should fail to return any execution to him directed on the return day thereof, the plaintiff in the execution may recover judgment against such sheriff and his sureties, for the amount of such execution, &c., by motion before the Court to which such execution is returnable ; and by the act of February 16, 1838, the sheriff of the connty of Rankin had “ until the middle of each term of the Circuit Court of said county, *328 to make a return of all executions returnable to said Court; ” and by the act of February 2d, 1838, the- Circuit Court of Rankin county was permitted to continue twelve judicial days, and no longer.
By the phrase in the statute, “ the Court to which such execution is returnable,” it does not seem that the legislature designed to restrict such matters against the sheriff to the term at which the execution, upon which such motion is founded, is returnable. The language of the act does not require such an interpretation. Sucfi motions may be made at a subsequent term. But was the execution returned seasonably in accordance with law ? The law gives the sheriff until the middle of the term to make such returns, which, we conceive, means to the middle of the term, and up to that event. The sheriff, in this case, had to the expiration of the sixth day of the term to make his return, and the return upon the seventh day was too late, and subjected him to the penalties of the statute in such case provided.
The judgment of the Court below is therefore affirmed.